UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BEVIN WANG,

        Plaintiff,

    v.

ALLIED INSURANCE and
DOES 1 through 20,
inclusive,

        Defendants.
_____/

NO. CIV. S-10-1086 LKK/JFM

O R D E R

Plaintiff brings an action for breach of contract, breach of implied covenant of good faith and fair dealing, punitive damages, and declaratory relief from defendant's handling of his property insurance claim. Defendant has moved for summary judgment as to the breach of contract, breach of implied covenant of good faith and fair dealing, and punitive damages claims. In the alternative, defendant seeks partial summary judgment. For the reasons stated below, defendant's motion for summary judgment is GRANTED.

////

////

1

**I. BACKGROUND**

**A. Admissions by Plaintiff**

As a preliminary matter, the court finds that on October 14, 2010 and November 29, 2010, plaintiff was properly served with two separate requests for admissions by defendant. Decl. Of John T. Burnite Supp. Def.'s Mot. Summ. J. 1 ("Burnite Decl.") Ex. A, Ex. B, Ex. C. Plaintiff did not respond to defendant's request for admissions. Rule 36(a)(4) provides that, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. . . " Fed. R. Civ. P. 36(a)(4); see Smith v. Pac. Bell Tel. Co., Inc., 662 F. Supp. 2d 1199, 1229 (E.D. Cal. 2009) ("Failure to respond to requests for admission results in automatic admission of the matters requested ... No motion to establish the admissions is needed because Federal Rule of Civil Procedure 36(a) is self-executing." (citing Federal Trade Commission v. Medicor LLC, 217 F. Supp. 2d 1048, 1053 (C.D. Cal. 2002)). Furthermore, "[a]n admission that is not withdrawn or amended cannot be rebutted by contrary testimony or ignored by the district court simply because it finds the evidence presented by the party against whom the admission operates more credible." Cook v. Allstate Ins. Co., 337 F. Supp. 2d 1206, 1210 (C.D. Cal. 2004) (citing Am. Auto. Ass'n v. AAA Legal Clinic, 930 F.2d 1117, 1120 (5th Cir. 1991)). Moreover, a Rule 36 admission "trump[s] conflicting evidence" on summary judgment. Id. at 1214 (internal citations omitted).

Plaintiff did not address his failure to respond to request for admissions and discovery in his Memorandum in Opposition to Motion for Summary Judgment and indeed does not dispute that on October 14, 2010 and November 29, 2010 defendant served Requests for Admissions on plaintiff. <u>See</u> Def.'s Sep. Statement of Undisputed Facts in Supp. of Mot. for Summ. J. 52; Pl.'s Resp. Sep. Statement of Undisputed Facts 52.[1] In light of plaintiff's failure to respond to these requests containing factual assertions, the court deems those factual assertions to be admitted and undisputed.

### B. Factual Background

Plaintiff's insured property located at 2532 E. Main Street, Stockton, California, was damaged as a result of a fire. On July 6, 2007, plaintiff filed a claim to cover the damages on his property with his insurance provider, defendant, AMCO Insurance Company ("AMCO"). His insurance policy included a co-insurance provision that required plaintiff to pay a penalty if it was determined that the property was under-insured. Under that provision, determination of under-insurance would be based on the fair market value of the property. On July 12, 2007, defendant notified plaintiff that it was investigating his claim for the loss. Thereafter, defendant determined that plaintiff had under-insured the property relative to the fair market value of the covered property. According to Gary Young, a Commercial Property

---

[1] One would think, however, that in reading the request for summary judgment, plaintiff's counsel might have been reminded of those facts.

3

Claims Manager for defendant, "the building's value was assessed at $830,383, as documented in the claim file, the minimum required coverage was $664,000 under the terms of the Policy." Decl. Of Gary Young in Supp. Def.'s Mot. Summ. J. 1:27. ("Young Decl."). Plaintiff argues that the fair market value of the property was much lower based on his knowledge of other business properties in the area and therefore the property was not under-insured. (Decl. of Bevan Wang in Opp'n to Mot. Summ. J. ¶ 5.) ("Wang Decl."). However, Plaintiff did not respond to defendant's request for admission that defendant "correctly applied a co-insurance penalty on or about January 23, 2008 because [plaintiff] under-insure [his] property..." Because plaintiff failed to respond to the request, the fact that plaintiff's property was under-insured relative to the fair market value is admitted. Def.'s Req. for Admissions Set Two, Admission No. 7. On or about July 13, 2007, plaintiff informed defendant he had contracted with Public Adjusters Exchange ("PAE") to assist him with his claim. Young Decl. 2:3-2:5. On August 1, 2007, after consulting a fire investigation report prepared by Gary Tecklenburg of EFI Global, defendant calculated that $107,321.55 was due under the claim, including a penalty imposed for inadequate coverage under the co-insurance provision. Id. at 2:8-2:10. Plaintiff challenges the penalty imposed based on the value of the property and disputes that the property was under-insured. Wang Decl. ¶ 9. On August 9, 2007 defendant requested that plaintiff complete and return a Sworn Statement in Proof of Loss ("Sworn Statement") within 30 days. Defendant did not

4

receive the Sworn Statement from plaintiff, but on August 15, 2007, defendant paid $107,321.55 to plaintiff. On September 10, 2007 defendant received an estimate from PAE in the amount of $321,881.48. The same day, defendant informed PAE that they would be re-inspecting the loss and that it had not received the necessary Sworn Statement. On September 28, 2007, defendant sent PAE another request for completion of the Sworn Statement and requested plaintiff submit it within 60 days. On December 3, 2007 defendant notified plaintiff that it assumed he did not want to pursue a claim because it had not received a response to its request for a Sworn Statement. After an additional meeting with PAE, PAE revised its estimate to $242,250.39. Defendant then determined the remaining balance due to plaintiff was $93,368.48 and on January 27, 2008 wrote to PAE with a breakdown of payments under the claim which included building costs ($93,368.48) and business income losses ($23,800.02) for a total of $117,168.50. On February 25, 2008 defendant informed plaintiff that the file for his claim would close in 30 days. In May 2008, defendant received an additional estimate from PAE for $160,086.16, in addition to what it had already paid plaintiff. Defendant "informed plaintiff that it took exception to the submission on grounds that there was no receipt or invoice for the plans, there was no proof of code upgrade requirements, the items did not appear on the original scope and estimate, and none of the additional repairs made to the building had been approved by AMCO." Young Decl. 2:21-2:25. PAE demanded defendant pay an additional $113,353.43 but defendant

5

declined to make the payment because the estimate was not submitted for prior approval and because it had not received the Sworn Statement in Proof of Loss. Defendant paid an additional $37,277.09 to plaintiff which included $25,000 for a code upgrade limit and "some additional costs." Id. at 4:1-4:6. Defendant alleges it has paid plaintiff all that is owed under his claim, a total of $262,094.93.[2] By failing to respond to defendant's request for admission, plaintiff has admitted that "AMCO has paid Bevin Wang all benefits owing regarding the claim he made under the policy." Def.'s Req. for Admissions Set Two, Admission No. 1.

**II. STANDARD FOR A FED. R. CIV. P. 56 MOTION FOR SUMMARY JUDGMENT**

Summary judgment is appropriate when there exists no genuine issue as to any material fact. Such circumstances entitle the moving party to judgment as a matter of law. Fed. R. Civ. P. 56(c); see also Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Secor Ltd. v. Cetus Corp., 51 F.3d 848, 853 (9th Cir. 1995). Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c).

////

---

[2] Plaintiff contends defendant has only paid $261,717.14. Pl.'s Mem. Opp'n Summ. J. 2:23.

6

1    If the moving party meets its initial responsibility, the
2 burden then shifts to the opposing party to establish the existence
3 of a genuine issue of material fact. Matsushita Elec. Indus. Co.
4 v. Zenith Radio Corp., 475 U.S. 574, 585-86 (1986); see also First
5 Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89
6 (1968); Secor Ltd., 51 F.3d at 853. In doing so, the opposing party
7 may not rely upon the denials of its pleadings, but must tender
8 evidence of specific facts in the form of affidavits and/or other
9 admissible materials in support of its contention that the dispute
10 exists. Fed. R. Civ. P. 56(e); see also First Nat'l Bank, 391 U.S.
11 at 289. In evaluating the evidence, the court draws all reasonable
12 inferences from the facts before it in favor of the opposing party.
13 Matsushita, 475 U.S. at 587-88 (citing United States v. Diebold,
14 Inc., 369 U.S. 654, 655 (1962) (per curiam)); County of Tuolumme
15 v. Sonora Cmty. Hosp., 236 F.3d 1148, 1154 (9th Cir. 2001).
16 Nevertheless, it is the opposing party's obligation to produce a
17 factual predicate as a basis for such inferences. See Richards v.
18 Nielsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987). The
19 opposing party "must do more than simply show that there is some
20 metaphysical doubt as to the material facts . . . . Where the
21 record taken as a whole could not lead a rational trier of fact to
22 find for the nonmoving party, there is no 'genuine issue for
23 trial.'" Matsushita, 475 U.S. at 586-87 (citations omitted).

### III. ANALYSIS

#### A. Breach of Contract Claim

26   Defendant moves for summary judgment on plaintiff's breach of

7

contract claim. Under California law, a claim for breach of contract includes four elements: that a contract exists between the parties, that the plaintiff performed his contractual duties or was excused from nonperformance, that the defendant breached those contractual duties, and that plaintiff's damages were a result of the breach. <u>Reichert v. General Ins.Co.</u>, 68 Cal. 2d 822, 830 (1968); <u>First Commercial Mortgage Co. v. Reece</u>, 89 Cal. App. 4th 731, 745 (2001). Here, plaintiff has admitted that he has been paid "all benefits ow[ed] regarding the claim he made under the policy" and further that "he ha[s] no facts to support [his] purported claim for breach of contract as alleged in the complaint." Burnite Decl. at Ex. C, Admis. 11-22. Most importantly, plaintiff admits defendant, AMCO, "correctly applied a co-insurance penalty on or about January 23, 2008 because [plaintiff] under-insured [his] property located at 2532 E. Main Street, Stockton, CA." <u>Id.</u> at Admis. 1-3. Although plaintiff contends his property was insured for $550,000 at the recommendation of defendant's agent, Stromsoe Insurance Agency, Inc., and that he did not under-insure his property, Wang Decl. ¶ 5, his admission defeats any evidence that might indicate otherwise and the court finds that defendant complied with its contractual duties in paying the sum amount to plaintiff and imposing a penalty for being under-insured. Further, plaintiff does not dispute that he never submitted his Sworn Statement as required under his insurance policy. The court finds there is no material fact in genuine dispute over the breach of contract and thus, the court grants defendant's summary judgment

8

as to this matter.

### B. Breach of Implied Covenant of Good Faith and Fair Dealing

Defendant moves for summary judgment on plaintiff's claim for breach of implied covenant of good faith and fair dealing. Under California law, "insurance bad faith" refers to a breach of the implied covenant of good faith and fair dealing as that covenant applies to insurance policies. See Comunale v. Traders & Gen. Ins. Co., 50 Cal. 2d 654, 658 (1958). An insurer breaches this covenant when it acts unreasonably in discharging its obligations under the policy. Crisci v. Security Ins. Co. Of New Have, Conn., 66 Cal. 2d 425, 430 (1967). Although a claim for breach of the implied covenant of good faith and fair dealing generally sounds in contract, in the insurance context, such a claim also sounds in tort. Jonathan Neil & Assoc. v. Jones, 33 Cal. 4th 917, 932 (2004).

The elements of a claim for tortious insurance bad faith are that benefits due under the policy were withheld and that the withholding was unreasonable. Wilson v. 21st Century Ins. Co., 42 Cal. 4th 713, 720 (2007). Even where benefits are ultimately found to be due, a withholding is reasonable, and therefore not in bad faith, if the insurer conducted a "thorough and fair" investigation, after which there remained a "genuine dispute" as to coverage liability. Id. at 720, 723 (quoting Chateau Chameray Homeowners Ass'n v. Associated Internat. Ins. Co., 90 Cal. App. 4th 335, 347 (2001)). Plaintiff's first amended complaint alleges that

1  defendant never intended to pay the full amount of damages and that
2  plaintiff had complied with unreasonable requests for information
3  under the contract.  Pl.'s First Am. Compl. 4.  Nonetheless,
4  plaintiff admits that defendant, AMCO, has paid him all benefits
5  owed relating to his claim. Burnite Decl. at Ex. C, Admis. 1, set
6  two. Plaintiff admits that he has no facts to support his claim for
7  breach of implied covenant of good faith and fair dealing.  Id.
8  Admis. 3.  Further, he does not submit any evidence indicating he
9  provided the information required under his policy, such as the
10 Sworn Statement.
11     Even if this court assumes defendant owed an additional amount
12 to plaintiff under his claim and withheld payment, plaintiff has
13 not raised a genuine issue of material fact that defendant acted
14 unreasonably in their handling of the claim.  It is undisputed that
15 after plaintiff made his claim for policy benefits on July 6, 2007,
16 defendant responded within six days by communicating to plaintiff
17 it was investigating his claim.  Further, on July 13, 2007 a claims
18 specialist met with plaintiff. Young Decl. 2:3-2:5.  After
19 receiving a fire investigation report, defendant requested that
20 plaintiff complete and return a "Sworn Statement in Proof of Loss"
21 within 30 days.  Id. 2:6-2:16.  Defendant communicated with PAE it
22 had not received the sworn statement and on September 28, 2007 sent
23 another letter to PAE requesting it.  Defendant requested that
24 plaintiff provide the Sworn Statement in Proof of Loss on four
25 separate occasions and never received it from plaintiff.  Further,
26 plaintiff admits that defendant "paid a total of $262,094.93" to

10

1  him. Burnite Decl. at Ex. A, Admis. 29, set one.  Therefore,
2  plaintiff has failed to raise a genuine issue of material fact in
3  rebutting defendant's assertions.   Thus, the court grants
4  defendant's motion for summary judgment pertaining to plaintiff's
5  breach of implied covenant of good faith and fair dealing claim.

6   **C.   Punitive Damages**

7       Defendant argues that plaintiff failed to produce any evidence
8  in support of his claim for punitive damages and is entitled to
9  summary judgment on whether punitive damages may be awarded. Under
10 California Civil Code § 3294 plaintiff has to prove "by clear and
11 convincing evidence that the defendant has been guilty of
12 oppression, fraud, or malice." Civ. Code § 3294.  (1) "Malice"
13 means conduct which is intended by the defendant to cause injury
14 to the plaintiff or despicable conduct which is carried on by the
15 defendant with a willful and conscious disregard of the rights or
16 safety of others. (2) "Oppression" means despicable conduct that
17 subjects a person to cruel and unjust hardship in conscious
18 disregard of that person's rights.   (3) "Fraud" means an
19 intentional misrepresentation, deceit, or concealment of a material
20 fact known to the defendant with the intention on the part of the
21 defendant of thereby depriving a person of property or legal rights
22 or otherwise causing injury. Id. Here, based on findings provided
23 above the court cannot find that a reasonable jury would determine
24 that defendant acted with malice, oppression, nor fraudulently and
25 finds no counter evidence presented by plaintiff to indicate
26 otherwise.  The court concludes that plaintiff has not brought

forth a genuine issue of triable fact as to the determination of punitive damages and grants defendant's motion for summary judgment.

## IV. CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment, ECF No. 11, is GRANTED in its entirety.

IT IS SO ORDERED.

DATED: March 30, 2011.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT